# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

CEDRIC GREENE, )
 )
        Plaintiff, )
 )
vs. )   Case No. 18-1026-EFM-KGG
 )
TERRI HARRIS, VICKI BROACH, )
 )
        Defendant. )
 )

## MEMORANDUM & ORDER ON
## MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES,
## MOTION TO FILE CONVENTIONALLY, AND
## REPORT & RECOMMENDATION FOR DISMISSAL

In conjunction with his federal court Complaint (Doc. 1), Plaintiff Cedric Greene has also filed a short form Application to Proceed Without Prepaying Fees or Costs ("IFP application," Doc. 3, sealed) as well as motion requesting permission to conventionally file some CDs with the Court Clerk (Doc. 4). After review of Plaintiff's motion, as well as the Complaint, the Court **GRANTS** the IFP application but **recommends** Plaintiff's claims be **dismissed** for failure to state a

1

viable federal cause of action.  The Court also **DENIES without prejudice** Plaintiff's motion to file conventionally.[1]

A. <u>Motion to Proceed IFP</u>.

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of an action without prepayment of fees, costs, etc., by a person who lacks financial means.  28 U.S.C. § 1915(a).  "Proceeding in forma pauperis in a civil case 'is a privilege, not a right – fundamental or otherwise.'"  **Barnett v. Northwest School**, No. 00-2499, 2000 WL 1909625, at *1 (D. Kan. Dec. 26, 2000) (quoting **White v. Colorado**, 157 F.3d 1226, 1233 (10th Cir. 1998)).  The decision to grant or deny in forma pauperis status lies within the sound discretion of the court.  **Cabrera v. Horgas**, No. 98-4231, 1999 WL 241783, at *1 (10th Cir. Apr. 23, 1999).

There is a liberal policy toward permitting proceedings in forma pauperis when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay.  *See generally*, **Yellen v. Cooper**, 828 F.2d 1471 (10th Cir. 1987).  In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income.  See **Patillo v. N. Am. Van Lines, Inc.**, No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15,

---

[1] The Court notes that the District Court has recently placed filing restrictions on Plaintiff given his pattern of frivolous filings in this District. (No. 18-1005-EFM-KGG, Doc. 10, at 3-7.)  The present motions were, however, filed prior to the entry of the restrictions.  As such, the Court will review them on their substantive merits.

2002); *Webb v. Cessna Aircraft*, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

In the supporting financial affidavit, Plaintiff indicates he is "not employed due to many medical reasons." (Doc. 3, sealed, at 1.) He indicates he "obtains assistance within the SSI program." (Id.) Plaintiff apparently owns no real property and does not own an automobile. (Id., at 2.) Plaintiff lists no cash on hand. (Id.) He pays a modest monthly amount for housing through a government program and receives government assistance for transportation and utilities. (Id.) He indicates that his other monthly expenses "varies." (Id.)

Considering the information contained in his financial affidavit, the Court finds that Plaintiff has established that his access to the Court would be significantly limited absent the ability to file this action without payment of fees and costs. The Court thus **GRANTS** Plaintiff leave to proceed *in forma pauperis*. (Doc. 3, sealed.)

B.   Sufficiency of Complaint and Recommendation for Dismissal.

Pursuant to 28 U.S.C. §1915(e)(2), a court "shall dismiss" an *in forma pauperis* case "at any time if the court determines that . . . the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from

such relief." "When a plaintiff is proceeding in forma pauperis, a court has a duty to review the complaint to ensure a proper balance between these competing interests." ***Mitchell v. Deseret Health Care Facility***, No. 13-1360-RDR-KGG, 2013 WL 5797609, at *1 (D. Kan. Sept. 30, 2013). The purpose of § 1915(e) is "the prevention of abusive or capricious litigation." ***Harris v. Campbell***, 804 F.Supp. 153, 155 (D.Kan. 1992) (internal citation omitted) (discussing similar language contained in § 1915(d), prior to the 1996 amendment). *Sua sponte* dismissal under § 1915 is proper when the complaint clearly appears frivolous or malicious on its face. ***Hall v. Bellmon***, 935 F.2d 1106, 1108 (10th Cir. 1991).

In determining whether dismissal is appropriate under § 1915(e)(2)(B), a plaintiff's complaint will be analyzed by the Court under the same sufficiency standard as a Rule 12(b)(6) Motion to Dismiss. *See* ***Kay v. Bemis***, 500 F.3d 1214, 1217-18 (10th Cir. 2007). In making this analysis, the Court will accept as true all well-pleaded facts and will draw all reasonable inferences from those facts in favor of the plaintiff. *See* ***Moore v. Guthrie***, 438 F.3d 1036, 1039 (10th Cir.2006). The Court will also liberally construe the pleadings of a pro se plaintiff. *See* ***Jackson v. Integra Inc.***, 952 F.2d 1260, 1261 (10th Cir.1991).

This does not mean, however, that the Court must become an advocate for the *pro se* plaintiff. ***Hall***, 935 F.2d at 1110; *see also* ***Haines v. Kerner***, 404 U.S. 519, 92 S.Ct. 594 (1972). Liberally construing a pro se plaintiff's complaint means

that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110.

A complaint "must set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action." *Fisher v. Lynch*, 531 F. Supp.2d 1253, 1260 (D. Kan. Jan. 22, 2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007), and *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991) (holding that a plaintiff need not precisely state each element, but must plead minimal factual allegations on those material elements that must be proved)). "In other words, plaintiff must allege sufficient facts to state a claim which is plausible – rather than merely conceivable – on its face." *Fisher*, 531 F. Supp.2d at 1260 (citing *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. at 1974). Factual allegations in the complaint must be enough to raise a right to relief "above the speculative level." *Kay v. Bemis*, 500 F.3d at 1218 (citing *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. At 1965).

While a complaint generally need not plead detailed facts, Fed.R.Civ.P. 8(a), it must give the defendant sufficient notice of the claims asserted by the plaintiff so

5

that they can provide an appropriate answer. ***Monroe v. Owens***, Nos. 01-1186, 01-1189, 01-1207, 2002 WL 437964 (10th Cir. Mar. 21, 2002). Rule 8(a) requires three minimal pieces of information in order to provide such notice to the defendant: (1) the pleading should contain a short and plain statement of the claim showing the pleader is entitled to relief; (2) a short and plain statement of the grounds upon which the court's jurisdiction depends; and (3) the relief requested. Fed. R. Civ. P. 8(a). After reviewing Plaintiff's Complaint (Doc. 1) and construing the allegations liberally, if the Court finds that he has failed to state a claim upon which relief may be granted, the Court is compelled to recommend that the action be dismissed.

Plaintiff brings a claim against Defendants alleging that he "was the victim of a 'very serious crime' that almost ended his life." (Doc. 1, at 4.) The crime at issue is alleged to have occurred in Hot Springs, Arkansas. (*Id*.) Thereafter, the person who is alleged to have committed the crime returned to California "to avoid being arrested . . . ." (*Id*.) Neither of the Defendants in this case are the individual who allegedly committed the crime against Plaintiff; rather, the Defendants appear to be individuals involved in the subsequent Court proceedings in Arkansas. (*See id*.) The Court finds that Plaintiff has failed to state a claim for which relief can be granted under the facts alleged. Plaintiff has not specified what cause of action his

attempting to bring against the Defendants and the Court cannot discern a viable claim against them based on the facts alleged.

Further, the events at issue occurred and/or are related to court proceedings in the state of Arkansas. Plaintiff brings the claims in the District of Kansas, however, because courts in other "States [have] expressed zero interest in moving our matter to a resolution." (Doc. 1, at 3.) Plaintiff has now chosen the District of Kansas as his latest attempted jurisdiction. He contends that he has chosen this jurisdiction because "his spouse [has] ties to the Wichita area," making it "convenient to send our litigant to that area for traveling reasons . . . ." (*Id.*) Any claim or controversy regarding court proceedings in Arkansas should be addressed and resolved with that Arkansas court.

The undersigned Magistrate Judge thus **recommends** to the District Court that Plaintiff's claims be **DISMISSED** in their entirety. Because the Court is recommending dismissal, Plaintiff's motion to file conventionally (Doc. 4) is **DENIED without prejudice** pending a potential review by the District Court of the recommendation of dismissal.

IT IS THEREFORE ORDERED that Plaintiff's motion for IFP status (Doc. 3) is **GRANTED**.

IT IS FURTHER ORDERED that Plaintiff's Motion to File Conventionally (Doc. 4) is **DENIED without prejudice** given the recommendation of dismissal made to the District Court.

IT IS RECOMMENDED to the District Court that Plaintiff's Complaint be DISMISSED for the failure to state a claim on which relief may be granted. The Clerk's office shall not proceed to issue summons in this case.

IT IS THEREFORE ORDERED that a copy of the recommendation shall be sent to Plaintiff via certified mail. Pursuant to 28 U.S.C. §636(b)(1), Fed.R.Civ.P. 72, and D.Kan. Rule 72.1.4, Plaintiff shall have fourteen (14) days after service of a copy of these proposed findings and recommendations to serve and file with the U.S. District Judge assigned to the case, any written objections to the findings of fact, conclusions of law, or recommendations of the undersigned Magistrate Judge. Plaintiff's failure to file such written, specific objections within the 14-day period will bar appellate review of the proposed findings of fact, conclusions of law, and the recommended disposition.

**IT IS SO ORDERED AND RECOMMENDED**.

Dated at Wichita, Kansas, on this 14th day of February, 2018.

S/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge
